# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDDIE C. RUSSELL,
        Appellant,

     v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
PH-1221-16-0301-W-2

DATE: June 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eddie C. Russell, Mt. Laurel, New Jersey, pro se.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant, a Certified Registered Nurse Anesthetist, filed an individual right of action appeal alleging that the agency terminated him during his probationary period at the Veterans Affairs Medical Center in Philadelphia, Pennsylvania, in retaliation for his whistleblowing disclosures.  Initial Appeal File (IAF), Tab 1.  In an initial decision, the administrative judge found that the Board had jurisdiction over the appeal but denied the appellant's request for corrective action, finding that the appellant failed to establish that his disclosures were protected under 5 U.S.C. § 2302(b)(8).  IAF, Tab 22, Initial Decision (ID) at 7-9.  The administrative judge informed the appellant that the initial decision would become final on November 16, 2017, unless a petition for review was filed by that date.  ID at 14.

¶3      The appellant filed a petition for review on November 17, 2017.  Petition for Review (PFR) File, Tab 1.  In his petition, the appellant states that he attempted to file a pleading on November 16, 2017, but was unable to "due to a computer glitch" in the Board's e-Appeal system.  *Id.* at 3.  The Clerk of the Board informed the appellant that his petition was untimely filed because it was not postmarked or received by the Board on or before November 16, 2017.  PFR File, Tab 2.  The Clerk afforded the appellant the opportunity to file a motion to (1) accept the filing as timely, and/or (2) to waive the time limit for good cause shown.  *Id.*  The appellant did not respond to the Clerk's notice.  The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      A petition for review must be filed within 35 days of the issuance of an initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  The appellant has

the burden of proof regarding timeliness.  *See Hempel v. U.S. Postal Service*, [100 M.S.P.R. 691](), ¶ 4 (2006).

¶5        The Board may grant or deny the waiver of a time limit for filing a petition, in the interest of justice, after considering all the facts and circumstances of a particular case.  *Lewis v. Department of the Navy*, [65 M.S.P.R. 28](), 31 (1994).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, [4 M.S.P.R. 180](), 184 (1980).   To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, [68 M.S.P.R. 60](), 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        The appellant has not alleged that he received the initial decision more than 5 days after it was issued.  Thus, the appellant's petition for review, filed 36 days after the issuance of the October 12, 2017 initial decision, is untimely by 1 day.  Although the Office of the Clerk afforded the appellant notice that his petition for review was untimely filed and provided him with an opportunity to show good cause for the delay, the appellant failed to respond to the Clerk's notice.  Under these circumstances, the Board has declined to find good cause for a waiver of the filing time limit when, as here, the initial decision clearly notified the appellant of the correct time limit for filing a petition for review.  *See, e.g.*, *Smith v. Department of the Army*, [105 M.S.P.R. 433](), ¶ 6 (2007) (declining to find good cause for a 1-day filing delay when the appellant failed to respond to the Clerk's timeliness notice and the initial decision notified the appellant of the time limit

for filing a petition for review); *Valdez v. Office of Personnel Management*, 103 M.S.P.R. 88, ¶ 7 (2006) (finding that the appellant failed to show good cause for a filing delay when his petition for review was not accompanied by a motion to waive the time limit and either an affidavit or sworn statement showing good cause for his untimely filing, and the initial decision notified the appellant of the correct time limit for filing a petition for review). While the appellant is pro se, his failure to respond to the Clerk's notice does not indicate that he acted with due diligence. *Smith*, 105 M.S.P.R. 433, ¶ 6.

¶7        Further, the appellant did not allege facts in his petition for review to otherwise support a finding of good cause for its untimeliness. The Board has found that the unavailability of its e-Appeal system can establish good cause for an untimely filing, especially when the party files its pleading within a short time after the e-Appeal system becomes available and the other party is unable to demonstrate that it was prejudiced by the delay. *See Boykin v. U.S. Postal Service*, 104 M.S.P.R. 460, ¶¶ 5-7 (2007). However, contrary to the appellant's assertion, we can find no instance of e-Appeal system downtime or unusual system errors during the 24 hours of November 16, 2017. Moreover, the Board's e-Appeal logs do not show that the appellant accessed e-Appeal on November 16, 2017. Rather, it appears that the appellant accessed e-Appeal and created his petition for review on November 17, 2017.

¶8        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the denial of corrective action.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.